FILED
10:16 PM, Oct 11, 2018
Clerk U.S. District Court
Northern District of Ohio
Cleveland

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

I, JASON PARILLO, DO HEREBY DEPOSE AND SAY:

1. I am a United States Postal Inspector, employed by the U.S. Postal Inspection Service (USPIS) since July of 2016, and currently assigned to Cleveland, Ohio, Field Office. I am a sworn Federal law enforcement officer empowered to investigate criminal activity involving or relating to the U.S. Postal Service (USPS) and/or U.S. Mail. I am currently assigned to the Prohibited Mail Narcotics team, which investigates the mailing of illegal narcotics, dangerous drugs, and their proceeds. I have received training in the detection and investigation of prohibited mailing offenses. Over the past two years, I have worked in conjunction with the Homeland Security Investigations (HSI) and the Border Enforcement Security Taskforce (BEST) on cases involving illegal narcotics mailed from foreign countries.

2. As a Postal Inspector, I have also conducted online investigations, analyzed pen register and telephone toll data, analyzed financial records, executed controlled deliveries of controlled substances, interviewed witnesses, drafted and executed search warrants, seized illegal drugs and other evidence of drug violations in physical and electronic sources, processed seized evidence, and debriefed persons arrested and convicted of drug trafficking offenses regarding their illegal activity.

3. Through investigation and training, I have become familiar with the types and amounts of profits made by drug traffickers and the methods, language, and terms that are used to disguise their illegal activity. I know that persons engaged in drug trafficking require expedient forms of communication to maintain an adequate and consistent supply of drugs from sources, and to effectively market those drugs to customers.

4. Your Affiant knows based on training and experiences those individuals who traffic in one controlled substances such as MDMA often traffic and possesses other controlled substances and controlled substance analogues, particularly synthetic narcotics.

5. Furthermore, based on my training and experience that individuals who engage in unlawful activity on the internet (including the dark net) sometimes also use the expertise that they learn to engage in other criminal activity online.

6. This Affidavit is offered in support of a Criminal Complaint against Defendant JEFF HAPPEL with Title 21, United States Code, Section 841(a)(1), Distribution of controlled substances and controlled substance analogues; Title 21, United States Code, Section 846, conspiracy or attempt to distribute controlled substances and controlled substance analogues; Title 21 United States Code, Section 952(a), Importation of controlled substances; Title 21, United States Code, Section 843(b), Illegal use of the mail and/or communication facility; As further detailed below, your Affiant submits that there is probable cause to believe that from on or about September 13, 2018 to the present, JEFF HAPPEL, did knowingly and intentionally combine, conspire, confederate, and agree with each other to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of

7. The facts set forth below are based upon your Affiant's personal knowledge learned through the course of the investigation as well as information obtained from law enforcement and additional sources.

8. This Affidavit is being submitted for the limited purpose of informing the court of the evidence establishing probable cause for a violation of federal criminal law. Since this affidavit is for this limited purpose, your Affiant has not included each and every fact known concerning this investigation.

**FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE**

9. On or about September 13, 2018, French Customs authorities seized an international mail parcel containing approximately 6000 grams of MDMA at the Paris Charles de Gaulle International Airport. The seized international mail parcel was destined for Fairview Park, OH, therefore French law enforcement officials subsequently contacted HSI investigators assigned to the U.S. Embassy in Paris, France (HSI Paris). The Target Parcel and contents were turned over to HSI Paris by French officials and subsequently forwarded to HSI Cleveland for further investigation.

10. The Target Parcel is a La Poste (French postal service) Colissimo international mail parcel addressed to "Nora Samsonite, 22384 Haber Dr., Fairview Park, OH 44126 with a return address of "Paul SERAND, 10 rue du Temple 75004 Paris" bearing tracking number "CK 1530 4433 2FR". The Target Parcel was seized on or about September 13, 2018, at Charles De Gaulle International Airport by French customs authorities after the contents tested positive for MDMA. In addition, the contents of the Target Parcel were also analyzed by the Cuyahoga County Regional Forensic Laboratory (CCRFL) and confirmed to be approximately 5863 grams of MDMA, detailed in a report dated September 26, 2018.

11. A review of DHS databases indicates five (5) additional international parcels from China have been delivered to 22384 Haber Dr., Fairview Park, OH 44126 since July 2017. Based upon training and experience, your Affiant is aware that China is a common source country for the international importation of controlled substances through the U.S. mails. Specifically, DHS databases indicate that two (2) of the above referenced parcels delivered to the 22384 Haber Dr., Fairview Park, OH 44126 on July 30, 2017 and May 16, 2018, originated from Chinese shippers who have been identified as having prior seized shipments that contained the controlled substance fentanyl or fentanyl analogues. Based on training and experience, your Affiant is aware that narcotics sent internationally to the United States are often purchased online using both the clear web and the dark web with a computer. Your Affiant is aware that these narcotics are often purchased using cryptocurrency, including bitcoins.

12. On October 11, 2018, an unknown individual claiming to be "Jeff" called a Postal Service claims line and requested the target parcel be redelivered. "Jeff" was advised by Postal Service claims representatives that the parcel could not be redelivered, however it could be picked up from the Post Office located at 2400 Orange Avenue. "Jeff" stated his niece would pick up the parcel in approximately 30 minutes.

13. Approximately 30 minutes later, Postal Inspectors and Homeland Security Agents conducted a controlled pickup of the target parcel. Prior to conducting the controlled pickup, approximately 4 pounds of MDMA was removed from the target parcel and a GPS monitor device was concealed inside the target parcel. Norah Fabek (FABEK) subsequently came to the Post Office on 2400 Orange Avenue, Cleveland, OH 44101 and requested to pick up the target parcel. Acting in an undercover capacity, Postal Inspector B. Green delivered the target parcel to FABEK after she signed for it

accepting delivery.

14. Law enforcement agents conducted surveillance and observed FABEK place the target parcel inside her vehicle and drive to her residence located at 2049 W. 101st, Cleveland, OH 44102 and bring the target parcel to the rear of the house.

15. Law enforcement agents subsequently observed an individual later identified as Jeffrey A. Happel (HAPPEL) arrive in a utility/work truck labeled Norris Brothers Inc, walk to the rear of 2049 W. 101st, Cleveland, OH 44102, exit with the target parcel in his hands, and place the target parcel inside the cab of his truck. Law enforcement officers observed HAPPEL drive from 2049 W. 101st, Cleveland, OH 44102 to an industrial facility near W. 25th, park for several minutes, and then enter Interstate 90 West. Law enforcement observed the GPS monitor inside the target parcel stop reporting on Interstate 90 West just past the West 65th bridge. Law enforcement officers recovered the GPS monitoring device on the side of Interstate 90 West. At no time was anyone other than HAPPEL observed inside the truck and it is suspected HAPPEL opened the target parcel, found the GPS monitoring device, and threw it out the window. Law enforcement officers conducting surveillance were unable to locate HAPPEL or the target parcel.

16. Postal Inspectors conducted a recorded interview of FABEK at 2049 W. 101st, Cleveland, OH 44102. Prior to any questioning Postal Inspectors read FABEK her rights per Miranda. FABEK advised she wanted to cooperate with the investigation and did not request the presence of her attorney. FABEK stated "Jeff", last name unknown, asked her to pick up the parcel sent from France from the Post Office. FABEK stated "Jeff" paid her $5,000. FABEK stated she did not know what was inside the target parcel, but knew it was something illegal. FABEK signed a consent to search her residence, 2049 W. 101st, Cleveland, OH 44102, and her iPhone X. FABEK was shown a photograph of HAPPEL's Ohio Drivers License and confirmed HAPPEL was the person who asked her to pick up the target parcel. A review of her iPhone X identified messages between FABEK and HAPPEL discussing the target parcel, a photo of what appeared to be $5,000 U.S. Currency taken at 11:55AM, and the following information for the contact "Jeff": 216-701-4687 Home Address **2217 Northland, Lakewood, OH 44107**. A consent search of FABEK's residence identified $5,000 U.S. Currency and a **U.S. Postal Service Priority Mail parcel addressed to Jeff HAPPEL, 2217 Northland, Lakewood, OH 44107**. FABEK advised HAPPEL recently brought marijuana packaging in the **U.S. Postal Service Priority Mail parcel addressed to Jeff HAPPEL, 2217 Northland, Lakewood, OH 44107** recovered from FABEK's residence.

17. Law enforcement attempted to locate HAPPEL at Norris Brothers Inc, his current employer, and was advised by management that HAPPEL returned his truck and left in his personal vehicle after he texted his supervisor that he had a doctor's appointment. Norris Brothers Inc advised HAPPEL was the only person driving the truck returned by HAPPEL and no other individuals should have been inside the truck.

18. For the foregoing reasons, your Affiant submits that there is probable cause that JEFFREY A. HAPPEL committed the following federal offenses: Title 21, United States Code, Section 841(a)(1), Distribution of controlled substances and controlled substance analogues; Title 21, United States Code, Section 846, conspiracy or attempt to distribute controlled substances and controlled substance analogues; Title 21 United States Code, Section 952(a), Importation of controlled substances; Title 21, United States Code, Section 843(b), Illegal use of the mail and/or communication facility

        _____
Jason Parillo
Postal Inspector

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)



Thomas M. Parker
United States Magistrate Judge
**Electronically Signed**
10:15 PM, Oct 11, 2018